IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| LARRY PETER PARROTT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV-07-225-S-BLW |
| | ) | |
| vs. | ) | **INITIAL REVIEW ORDER** |
| | ) | |
| IDAHO DEPARTMENT OF CORRECTION, BOARD OF CORRECTION, ATTORNEY GENERAL, PAROLE COMMISSION, OLIVIA CRAVEN, and RANDY BLADES, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On May 17, 2007, the Clerk of Court conditionally filed Plaintiff's Complaint, subject to review by the Court to determine whether the Complaint is subject to summary dismissal under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order.

## REVIEW OF COMPLAINT

**A.      Standard of Law for Summary Dismissal**

The Court is required to review complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 and 1915A. The Court must dismiss a complaint or any portion thereof which states a claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from

**INITIAL REVIEW ORDER  1**

a defendant who is immune from such relief.  §§ 1915(e) and 1915A.

Plaintiff bring his claims under 42 U.S.C. § 1983, the civil rights statute.  To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

**B.     Plaintiff's Factual Allegations**

Plaintiff alleges that he was sentenced to an indeterminate life sentence on September 30, 1985.  He alleges that "an indeterminate life sentence" means a sentence of thirty years, and that an inmate need only serve twenty years as a result of good time credit.  He alleges that his civil rights have been violated because Defendants will not release him outright or grant him parole, and, therefore, they have unlawfully extended his sentence.  Petitioner requests that the court order his immediate release.

**C.     Discussion**

Certain types of claims may be brought as § 1983 claims; others must be asserted in habeas corpus actions.  In *Wilkinson v. Dotson*, 544 U.S. 74 (2005), the Court determined that an inmate may initiate a § 1983 action to seek invalidation of "state procedures used to deny parole eligibility . . . and parole suitability," but he may not seek "an injunction ordering his immediate or speedier release into the community."  *Id*. at 82.  At most, an inmate can seek as a remedy "consideration of a new parole application" or "a new parole hearing," which may or may not result in an actual grant of parole.  *Id*.  When a state prisoner seeks "a determination that he is entitled to immediate release or a

**INITIAL REVIEW ORDER  2**

speedier release from . . . imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). As a result, civil rights complaints seeking immediate or speedier release are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). In *Heck v. Humphrey*, the Court re-emphasized that a prisoner in state custody cannot use a civil rights action to challenge the fact or duration of his confinement. *Id.* at 481.

The *Dotson* Court specified that the *Heck v. Humphrey* bar arises "not because [one seeks] nullification of the disciplinary procedures but because nullification of the disciplinary procedures would lead necessarily to restoration of good-time credits and hence the shortening of the prisoner's sentence." 544 U.S. at 84. The *Dotson* Court further noted that its previous cases, "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration. *Id*. at 81-82.

Here, if Plaintiff is purporting to challenge only the procedure involved in parole revocation (arguing that the Commission has no authority to treat an indeterminate sentence as anything other than a thirty-year sentence), the result of nullifying such procedure would be to necessarily reduce the duration of his sentence. This is made clear in his prayer for relief where he requests "immediate release," among other remedies. *See Complaint*, at p. 8 (Docket No. 3). *Dotson* makes it clear that any challenge that would

**INITIAL REVIEW ORDER  3**

result in the reduction of a sentence must be brought in habeas corpus.  Plaintiff's claims are not among those authorized by *Dotson* – actions seeking invalidation of "state procedures used to deny *parole eligibility* . . . and *parole suitability*."  *Id.* at  82 (emphasis added).  As a result, Plaintiff's Complaint is subject to dismissal.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Complaint is DISMISSED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion to Proceed in Forma Pauperis (Docket No. 1) is MOOT.

DATED:  **July 3, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**INITIAL REVIEW ORDER  4**